## Hayduk v. DeConcillis

*John E. Costello*, for plaintiff.

*Peacock, Keller & Yohe*, for defendant.

McCUNE, J., February 6, 1967.—Plaintiffs filed a complaint stating that on September 17, 1964, wife plaintiff entered the beauty shop of defendant, really a beauty school, and requested that her hair be washed and set. One of the employes there directed plaintiff to take her place at a certain sink and placed plaintiff's head in "the wash position". The top of the rinse sink

fell, striking plaintiff wife on the forehead, resulting in injuries. The negligence alleged is that the "sink was in an unsafe, defective and dangerous condition" and "the said washing operation was not carefully conducted or supervised and the apparatus was not manipulated with due care and caution".

It will be observed that the allegations of negligence claim a defective sink and a lack of proper professional care in conducting the washing operation at a beauty school.

An answer was filed which set up, under new matter, a release executed by wife plaintiff, in which it was provided that in consideration of a reduced charge for beauty service or treatment, defendant was released "from any and all liabilities in any manner relating to *beauty service and treatment* rendered by *pupils* or *students* of said school". (Italics ours.)

It will also be observed that the release only released liabilities for services rendered by students. The complaint alleged that an employe was negligent. Strictly speaking, the release does not respond to the complaint, because the employe may not have been a student.

The new matter was answered, however, on other grounds. We assume, therefore, that it is implied that a student actually tended plaintiff wife. The answer to new matter alleged the following:

(a) Husband plaintiff did not sign the release. (This is of no consequence. His action is derivative. He cannot recover anything unless his wife can recover.)

(b) The release is against public policy.

(c) The release did not contemplate the type of negligence or type of injury involved.

Defendant then moved for judgment on the pleadings, alleging that the release was in all respects valid and binding.

The Act of May 3, 1933, P. L. 242 as amended, 63

PS §507, et seq., controls so-called beauty culture, including schools and shops. In sec. 7, as amended, 63 PS §513, it is provided that it shall be unlawful for any school of beauty culture to permit its students to practice beauty culture upon the public under any circumstances except by way of clinical work upon persons willing to submit themselves to such practice after having first been properly informed that the operator is a student. No school of beauty culture shall, directly or indirectly, charge any money whatsoever for treatment by its students or for materials used in such treatment.

In Philadelphia School of Beauty Culture v. State Board of Cosmetology, 78 D. & C. 111, 62 Dauph. 5 (1952), the provision forbidding charges for materials used in such treatments was declared void as in violation of the Pennsylvania Constitution, art. I, sec. I. The regulation forbidding charges for treatment by students was not considered in the Philadelphia case and, as far as we can ascertain, has not been considered by any court.

The provisions of the act have not been argued in this case whatever; neither brief has dealt with the act, and we do not consider this a proper time to deal with its validity.

It is apparent that if Pittsburgh Beauty Academy was doing what the release clearly indicates, i. e., charging for services furnished by students at the beauty school, it was in violation of the act.

The release taken from wife plaintiff is, therefore, void as against the announced policy of the law.

We cannot enter judgment for defendant on the pleadings and dismiss the motion. We will hear argument on the validity of the act if hearing is requested within 30 days.

## ORDER

And now, February 6, 1967, the motion for judgment on the pleadings is dismissed.